UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
STRAUB INVESTMENTS, LTD.,

                Plaintiff,

- against -

KHAJAK "JOHN" TIRAKIAN, et al.,

                Defendants.
----------------------------------------X

**ORDER OF DISMISSAL**
05-CV-3299 (SJF)(MDG)

FEUERSTEIN, J.

    At a conference on October 6, 2006, Magistrate Judge Marilyn Go directed the parties to show cause in writing by October 13, 2006, why this action should not be dismissed for lack of subject matter jurisdiction. See 10/6/06 minute entry. She warned that failure to object would be deemed agreement to the conclusion that complete diversity does not exist. To date, no party has filed any response.

    A court may *sua sponte* raise the issue of subject matter jurisdiction at any time. United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). Where a plaintiff has sued more than one (1) defendant, the plaintiff must satisfy the requirements of the diversity statute as to each defendant. See Strawbridge v. Curtiss, 3 Cranch (7 U.S.) 267 (1806) (no diversity jurisdiction when any opposing parties are citizens of the same state); Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir. 1992) ("complete diversity [required] between all plaintiffs and all defendants").

In determining the citizenship of a limited partnership, a court must look at the citizenship of each of its partners. Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). The citizenship of organizations such as limited partnerships is determined by any state in which any of the partners, including limited partners, reside. Id. at 189-97. Citizenship must be determined at the time an action is commenced. Grupo Dataflux v. Atlas Global Group, L.P., 547 U.S. 567, 570-72 (2004) (adhering to "time-of-filing rule" for determining the jurisdiction of the Court).

Plaintiff Straub Investments, Ltd. ("Plaintiff"), a Florida limited partnership, contends that this Court has jurisdiction over the subject matter of this action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Complaint, ¶¶ 1, 8 (ct. doc. 1); Second Amended Complaint, ¶¶ 1, 8 (ct. doc. 25). At a discovery conference held on April 11, 2006, Magistrate Judge Go directed Plaintiff to file a report by April 20, 2006, regarding the citizenship of its partners. See 4/11/06 minute entry (ct. doc. 28). In a status report filed on April 27, 2006, counsel for Plaintiff advised Magistrate Judge Go that there was complete diversity. See ct. doc. 30. However, in a revised status report, Plaintiff's successor counsel advised the Court that since one of Plaintiff's limited partners at the commencement of this action was a Delaware corporation, as was one of the defendants, complete diversity did not exist at commencement. See revised report filed 9/13/06 at 2 (ct. doc. 36).

Since the undisputed facts in Plaintiff's revised status report establish that complete diversity did not exist at the commencement of this action between at least one (1) limited partner of Plaintiff and one (1) defendant, this action is dismissed without prejudice for lack

of subject matter jurisdiction. The Clerk of the Court is directed to close this case.

IT SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: January 22, 2007
       Brooklyn, New York

Copies:

Michael J. Pike
Burman Critton Luttier & Coleman
515 N Flagler Drive
Suite 400
West Palm Beach, FL 33401


Vanessa R. Elliott
Beattie Padovano, LLC
50 Chestnut Ridge Road
Montvale, NJ 07645


Darryl Weissman
Wolff & Samson PC
One Boland Drive
West Orange, NJ 07052


David J. Eiseman
Golenbock, Eiseman, Assor, Bell & Peskoe
437 Madison Ave.
New York, NY 10022


Mark A. Berube
Sheppard, Mullin, Richter & Hampton, LLP
30 Rockefeller Plaza
Suite 2400
New York, NY 10112